UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Timothy Sheehan and Mary Sheehan, | Case No. 20-cv-0753 (WMW/DTS) |
| Plaintiffs, | |
| v. | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| Viking River Cruises, Inc., and Viking Ocean Cruises II LTD, | |
| Defendants. | |

---

Plaintiffs Timothy Sheehan and Mary Sheehan commenced this action against Defendants Viking River Cruises, Inc. (VRC), and Viking Ocean Cruises II, LTD (VOC), for injuries sustained during a transatlantic cruise. Before the Court is Defendants' motion to dismiss Plaintiffs' complaint on the grounds of *forum non conveniens*. (Dkt. 11) For the reasons addressed below, Defendants' motion to dismiss is granted.

## BACKGROUND

Timothy Sheehan and Mary Sheehan are Minnesota residents. VRC, a California corporation with its principal place of business in California, markets and sells European cruises to customers in the United States and Canada. But VRC does not operate any vessels. VRC serves solely as a sales agent for cruises operated by VOC.

VOC is a Bermuda corporation with its principal place of business in Hamilton, Bermuda. VOC maintains and operates the Viking Star, the vessel on which Timothy Sheehan allegedly was injured. Defendants conduct advertising, business, and the

operations of their cruises in jurisdictions around the world. But the operational headquarters for Defendants is located in Basel, Switzerland.

In the fall of 2018, Plaintiffs purchased tickets for a cruise. During the sales transaction, Plaintiffs received an email confirmation that included VRC's Ticket Sale Contract, which governs the sale of the trip. The Ticket Sale Contract provides that VRC acts solely as a sales agent for the owners and operators of the ships. The contract also provides "that passage on any vessel upon which [VRC] is acting solely as a sales agent is governed by and subject to the passenger ticket contract terms and conditions" and includes a link to the Passenger Ticket Contract. The Passenger Ticket Contract confirms that VRC acts solely as a sales agent for the carrier, which in this case was VOC.

Section 24 of the Passenger Ticket Contract includes a choice of law provision that states:

> All questions arising on these Passenger Ticket Contract Terms and Conditions solely in respect of the limitation of liability shall be decided according to the Conventions and the other and further laws cited at Article 10 hereof, including the statutory, maritime and general laws of Switzerland . . . The law governing all other aspects of these Passenger Ticket Contract Terms and Conditions is stipulated and agreed to be the statutory and general law of Switzerland, with references to which these Passenger Ticket Contract Terms is [sic] made. ANY DISPUTE ARISING OUT OF OR IN CONNECTION WITH THESE PASSENGER TICKET CONTRACT TERMS AND CONDITIONS SHALL BE DETERMINED BY THE CIVIL COURT OF THE CANTON OF BASEL-STADT [ZIVILGERICHT BASEL-STADT], THE JURISDICTION TO WHICH WE, AS THE CARRIER, AND YOU HEREBY SUBMIT OURSELVES. IF ANY ACTION IS INITIATED IN ANY COURT OTHER THAN THE COURTS IN BASEL SWITZERLAND, OTHER THAN THOSE OF MONTREAL IN THE CASE OF AN INDIVIDUAL RESIDENT OF QUEBEC, WE, AS THE CARRIER, AND YOU HEREBY AGREE TO THE IMMEDIATE

2

DISMISSAL OR TRANSFER OF SAID ACTION TO THE COURTS OF BASEL, SWITZERLAND.

Plaintiffs were sent a paper copy of the Passenger Ticket Contract along with their tickets on January 4, 2019. Plaintiffs received emails on February 14, 2019, and February 23, 2019, respectively, that included travel documents and the Passenger Ticket Contract. On February 28, 2019, Plaintiffs embarked on their cruise from Miami.

Plaintiffs' complaint alleges that, in March 2019, Timothy Sheehan was injured on a cruise ship operated by Defendants during a transatlantic voyage when he tripped over a basket in the ship's lounge. Defendants were negligent by failing to properly maintain and safeguard the premises and by failing to warn of a dangerous hazard, the complaint alleges. Plaintiffs also contend that, as a result of Defendants' negligence, Mary Sheehan has suffered the loss of Timothy Sheehan's services and companionship that she would have received in the usual course of married life.

On April 23, 2020, Defendants moved to dismiss the case under the doctrine of *forum non conveniens*, arguing that the forum-selection clause in the Passenger Ticket Contract mandates the adjudication of this dispute in Switzerland.[1]

## ANALYSIS

The doctrine of *forum non conveniens* is the appropriate means to challenge a forum-selection clause that directs the state or foreign forum in which to adjudicate a civil dispute. *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 60

---

[1] Plaintiffs filed this action in Hennepin County District Court, Fourth Judicial District, on March 3, 2020. Defendants removed the action to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446.

3

(2013).[2]  A district court may decline jurisdiction because the action should be tried in another forum, even though venue and jurisdiction are otherwise proper.  *Mizokami Bros. of Ariz., Inc. v. Mobay Chem. Corp.*, 660 F.2d 712, 717 (8th Cir. 1981).  A valid forum-selection clause is afforded controlling weight in all but the most exceptional cases.  *Atl. Marine*, 571 U.S. at 63.  Under both federal law and Minnesota law a forum selection clause is prima facie valid and, therefore, enforced unless it is unjust, unreasonable, or invalid.  *United Fire & Cas. Co. v. Weber, Inc.*, 434 F. Supp. 3d 729, 732 (D. Minn. 2020).  Although some courts conflate the validity and enforceability inquiries, the better course of analysis is first to determine whether the forum-selection clause is valid under general contract principles and, if so, then determine whether the forum-selection clause should be enforced.  *Rogovsky Enter., Inc. v. Masterbrand Cabinets, Inc.*, 88 F. Supp. 3d 1034, 1040–41 (D. Minn. 2015).

## I. Validity of Forum-Selection Clause

A forum-selection clause is valid if it is the product of a freely negotiated agreement, "unaffected by fraud, undue influence, or overweening bargaining power."  *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12 (1972).  If it is the product of either party's "fraud or

---

[2]  Although *Atlantic Marine* involved a motion to transfer under 28 U.S.C. § 1404(a), the Court explained that Section 1404(a) is merely a codification of the doctrine of *forum non conveniens* and replaced the traditional remedy of outright dismissal with transfer for the subset of cases in which the transferee forum is within the federal court system.  *571 U.S.* at 60.  The Court is mindful that its "power to dismiss a case properly within its jurisdiction under the common-law doctrine of forum non convenience has been substantially eliminated by the federal transfer of venue statute, 28 U.S.C. § 1404(a)."  *Bacon v. Liberty Mut. Ins. Co.*, 575 F.3d 781, 783 (8th Cir. 2009).  But the "common-law doctrine of forum non conveniens has continuing application . . . in cases where the alternative forum is abroad."  *Id.* (internal quotation marks omitted).  Such is the case here.

4

overreaching," a forum-selection clause is invalid. *Id.* at 15; *see also M.B. Rests., Inc. v. CKE Rests., Inc.*, 183 F.3d 750, 752 (8th Cir. 1999). Plaintiffs do not argue that the forum-selection clause at issue here is the result of fraud or overreaching or that the forum-selection clause is otherwise invalid. The sole issue before the Court is whether the forum-selection clause should be enforced.

### II. Enforceability of the Forum-Selection Clause

When considering whether to grant a motion to dismiss on the grounds of *forum non conveniens*, courts generally consider both private-interest and public-interest factors. *Atl. Marine*, 571 U.S. at 62–63. But when the parties' contract contains a valid forum-selection clause, arguments pertaining to the parties' private interests are not germane, because the plaintiff's choice of forum merits no weight. *Id.* at 63, 64. Instead, when a valid contractual forum-selection clause is at issue, the private-interest factors weigh *entirely* in favor of the preselected forum. *Id.* At 64. In such circumstances, a court considers only the public-interest factors, which rarely defeat a motion to dismiss based on a forum-selection clause. *Id.* Public-interest factors may include the administrative difficulties arising from court congestion, the interest in having localized controversies decided in the home forum, and the interest in adjudicating a diversity-jurisdiction case in a forum that is "at home" with the law. *Id.* at 62 n.6. Under such circumstances, the nonmoving party must show that the public-interest factors "overwhelmingly" disfavor a transfer or dismissal. *Id.* at 67.

Plaintiffs argue that the forum-selection clause is unenforceable because a trial in Switzerland will be so gravely difficult and inconvenient that they will be deprived of their day in court. Plaintiffs observe that Swiss courts require the parties to be physically

5

present, but Timothy Sheehan's physician opined that he cannot travel internationally for the foreseeable future. Plaintiffs' argument is premised on a private interest. *Atlantic Marine* governs this analysis and clearly provides that, when the parties have agreed to a valid forum-selection clause, the validity of which Plaintiffs do not contest, "[o]nly under extraordinary circumstances *unrelated to the convenience of the parties*" should a court decline to enforce the clause. *Id.* at 64 (emphasis added); *see also Federated Mut. Ins. Co. v. Bryan*, No. 17-cv-1136 (WMW/DTS), 2017 WL 7370057, at *4 (D. Minn. Nov. 28, 2017) ("Because the validity of the forum-selection clause in the [parties' contract] is not disputed and *Atlantic Marine* governs this analysis, this Court must disregard [the defendant's] private-interest arguments and may consider only the public-interest factors."). Accordingly, Plaintiffs' argument is unavailing as it is contrary to the clear legal standard addressed in *Atlantic Marine*. *See In re Union Elec. Co.*, 787 F.3d 903, 909 (8th Cir. 2015) (noting that the Supreme Court of the United States "spoke with particular force" when emphasizing the importance of forum-selection clauses).

Plaintiffs also contend that the forum-selection clause is unenforceable because it is included in an adhesion contract and, therefore, is contrary to the public policy of Minnesota. "A contractual choice-of-forum clause should be held unenforceable if enforcement would contravene a strong public policy of the forum in which [the] suit is brought, whether declared by statute or by judicial decision." *M/S Bremen*, 407 U.S. at 15. Plaintiffs rely on *Hauenstein & Bermeister, Inc. v. Met-Fab Industries, Inc.*, in which the Minnesota Supreme Court explained that "[f]orum section clauses in contracts which are termed adhesion—'take-it-or-leave-it'—contracts and which are the product of unequal

6

bargaining power between the parties are unreasonable." 320 N.W.2d 886, 891 (Minn. 1982). The *Hauenstein* court explained that boilerplate language in a form contract prepared on a take-it-or-leave-it basis is a factor to be considered; however, this factor alone does not define adhesion contracts. *Id.* (explaining that appellant did not show, for example, that the product "could not have been obtained elsewhere"). To establish an adhesion contract, a party must show that the contracting parties "were greatly disparate in bargaining power, that there was no opportunity for negotiation, *and that the services could not be obtained elsewhere.*" *Brenner v. Nat'l Outdoor Leadership Sch.*, 20 F. Supp. 3d 709, 717 (D. Minn. 2014) (emphasis added) (quoting *Schlobohm v. Spa Petite, Inc.*, 326 N.W.2d 920, 924-25 (Minn. 1982)). Moreover, an adhesion contract is a contract imposed on the public for a *necessary* service. *Schlobohm*, 326 N.W.2d at 924–25. The cruise that is the subject of the contract as issue here is not a necessary service, and Plaintiffs could have obtained a cruise vacation elsewhere.

Plaintiffs also assert that they had no opportunity for negotiation and they "are individuals, not corporations." But the Supreme Court's reasoning in *Carnival Cruise Lines, Inc. v. Shute*, a case with facts that are similar to the facts here, buttresses the enforceability of a forum-selection clause as applied to aggrieved cruise ship passengers:

> Including a reasonable forum clause in a form contract of this kind well may be permissible for several reasons: First, a cruise line has a special interest in limiting the fora in which it potentially could be subject to suit. Because a cruise ship typically carries passengers from many locales, it is not unlikely that a mishap on a cruise could subject the cruise line to litigation in several different fora. Additionally, a clause establishing *ex ante* the forum for dispute resolution has the salutary effect of dispelling any confusion about where suits arising from the contract must be brought and defended,

7

>sparing litigants the time and expense of pretrial motions to determine the correct forum and conserving judicial resources that otherwise would be devoted to deciding those motions. Finally, it stands to reason that passengers who purchase tickets containing a forum clause like that at issue in this case benefit in the form of reduced fares reflecting the savings that the cruise line enjoys by limiting the fora in which it may be sued.

499 U.S. 585, 593–94 (1991) (internal citations omitted); *see also Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 516 (1974) ("A contractual provision specifying in advance the forum in which disputes shall be litigated and the law to be applied is, therefore, an almost indispensable precondition to achievement of the orderliness and predictability essential to any international business transaction.").

In summary, the forum-selection clause at issue is valid, and Plaintiffs do not identify any *public interest* factors that weigh against enforcement of the forum-selection clause. Accordingly, the Court grants Defendants' motion to dismiss.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Defendants' motion to dismiss, (Dkt. 11), is **GRANTED,** and this matter is **DISMISSED WITHOUT PREJUDICE**.

2. Defendants' motion to reopen the record, (Dkt. 33), is **DENIED AS MOOT**.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated:  November 10, 2020                           s/Wilhelmina M. Wright
                                                    Wilhelmina M. Wright
                                                    United States District Judge